| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

CORY HAYS SLAPE, #19842-078 §
§
*versus* § CIVIL ACTION NO. 4:17-CV-22
§ CRIMINAL ACTION NO. 4:15-CR-91(2)
UNITED STATES OF AMERICA §

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (#27) concluding that the motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. Movant filed objections.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and the objections of Movant are without merit.

In his objections, Movant reurges the issues originally raised in his motion, but also asserts for the first time that there may be a conflict of interest in his case. Claims raised for the first time in a reply or objections need not be considered by a court. *Finley v. Johnson*, 243 F.3d 215, 218 n. 3 (5th Cir. 2001) (issues raised for the first time in objections are not properly before the court). Although Movant raises the issue for the first time in his objections, the Court will address it in the interest of justice.

Movant notes that Kimberly C. Priest Johnson ("Johnson"), prior to being appointed as United States Magistrate Judge, had once been appointed as Movant's legal counsel in Criminal

Action No. 4:12-CR-72(2).[1] A review of the record shows that, on April 22, 2013, a Minute Entry

was entered. It notes:

> Minute Entry for proceedings held before Magistrate Judge Amos L. Mazzant: Status Conference as to Cory Hays Slape held on 4/22/2013 at 2:10 pm, Mr. Arrambide present as stand-by counsel. The Court questioned Defendant as to whether he would accept new representation rather than proceeding pro se. Defendant indicated he would accept new counsel. The Court appointed Kimberly Priest-Johnson to represent Defendant. Defendant remanded to USM (Amanda Griffith for Govt). Court called case again at 3:40 pm at request of Heather Rattan for Govt. Ms. Priest-Johnson in attendance with Defendant. Counsel advised the Court of possible trial date conflict as Ms. Priest-Johnson is set for trial in another federal case. Court advised Defendant that Court will inquire into the trial settings and new counsel may be appointed for Defendant, who acknowledged understanding. Defendant remanded to USM (H. Rattan for Govt) (Court Reporter D. Maxwell.) (dm, ) (Entered: 04/22/2013).

Criminal Action No. 4:12-CR-72(2), at 04/22/2013. The next day, on April 23, 2013, the Court

appointed Bobbie Peterson Cate as Movant's legal representation. *Id.* at Dkt. #45.

A conflict of interest exists when defense counsel places herself in a position conducive to

divided loyalties. *United States v. Medina*, 161 F.3d 867, 870 n.1 (5th Cir. 1998). An "actual

conflict" exists when defense counsel is compelled to compromise her duty of loyalty or zealous

advocacy to the accused by choosing between or blending the divergent or competing interests of

a present or former client. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). It is well

settled that a conflict of interest must be actual, rather than potential or speculative, for it to violate

Sixth Amendment standards. *See, e.g., Barrientos v. United States*, 668 F.2d 838, 841 (5th Cir.

1982). On April 22, 2013, at the hearing in which Johnson was appointed, she realized she had

a trial date conflict in another federal case. After Johnson alerted the Court of the scheduling

---

[1] A grand jury indicted Movant in this case, but it was determined that its term had expired at the time of the initial indictment. Therefore, the Government commenced a subsequent prosecution in Criminal Action No. 4:15-CR-91(2) following re-indictment for the same offense

conflict, the Court called the case again. At that point, the Court advised Movant that it would look into the trial scheduling conflict, and warned Movant it may appoint different counsel. The record reflects that the very next day, the Court appointed a different attorney to represent Movant. Movant does not allege, nor is there any evidence in the record to show, that Movant and Johnson ever discussed the case. In sum, Movant only alleges a potential or speculative conflict of interest, which is insufficient to violate Sixth Amendment standards. *Id.*

It is accordingly **ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 13th day of November, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE